U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 0 6 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JENNIFER MARIE HARDY (#67817) | DOCKET NO. 15-CV-2381; SEC. P |
| VERSUS | JUDGE DRELL |
| TREY FLYNN, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jennifer Marie Hardy. Plaintiff's motion for leave to proceed *in forma pauperis* was granted on December 9, 2015. (Doc. 10) Plaintiff is detained at the Rapides Parish Detention Center in Alexandria, Louisiana. She claims that her detention is unconstitutional, and she seeks release from detention, the return of children to her custody, her "record cleared," and compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Statement of the Case

Plaintiff alleges that in 2013, her grandson and nephew were removed form her custodial care and placed in the custody of her daughter. (Doc. 1, p.5) On February 23, 2014, Plaintiff was arrested pursuant to a warrant. (Doc. 1, p.6) Plaintiff was detained at the Rapides Parish Detention Center, where she remains in custody. Plaintiff alleges that she has been detained for eighteen months without due process. She alleges that her detention

was pursuant to a "sanity hold" even though she was declared competent on April 10, 2015. (Doc. 1, p.3)

### Law and Analysis

**1. Habeas Relief**

In this civil rights case, Plaintiff seeks a release from custody plus monetary damages. To the extent Plaintiff complains that she is unlawfully imprisoned and entitled to release, her claim fails. Such relief is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) ("(A)ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of habeas corpus").

Likewise, Plaintiff's request that her grandchild and nephew be returned to her custody fails, as this Court does not have jurisdiction over Plaintiff's custody issues.

**2. Monetary Damages**

Plaintiff names as defendants the State of Louisiana, the district attorney, and her federal public defenders. She alleges that these defendants have deprived her of due process. Plaintiff complains that she has been detained on a "sanity hold" even though

2

she was declared competent.

Plaintiff's claim for monetary damages against the district attorney is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Plaintiff's claim for monetary damages against her public defenders should be dismissed as well. To prevail on a civil rights claim, an inmate must prove that she was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and misused power that they possessed by virtue of state law, and made possible only because the wrongdoer is clothed with the authority of state law. See United States v. Classic, 313 U.S. 299, 325 (1941); Screws v. United States, 325 U.S. 91, 110 (1944)(plurality opinion). Private attorneys, including public defenders, are not state actors within the meaning of § 1983. See

Polk County v. Dodson, 454 U.S. 312, 321-22 (1981). Plaintiff has failed to show that her attorneys were state actors or acting under color of law at the time they allegedly violated Plaintiff's rights.

Plaintiff names the State of Louisiana as a defendant, as well. However, the State has not waived its immunity under the Eleventh Amendment from suit in federal court. U.S.C.A. Const. Amend. 11; La. R.S. 13:5106; La. Const. Art. 12, § 10. Thus, Plaintiff's claims against the state of Louisiana are clearly subject to dismissal under the doctrine of sovereign immunity.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge**

is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 6th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge